# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AVENTINE RENEWABLE ENERGY HOLDINGS, INC., a Delaware Corporation, *et al.*,[1]<br><br>Debtors. | Case No. 09-11214 (KG)<br><br>Jointly Administered<br><br>Ref. Docket No. 1072, 1115 |

## AGREED ORDER ESTABLISHING LITIGATION SCHEDULE FOR DEBTORS' NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO CLAIM 513 FILED BY GE RAILCAR SERVICES, INC.

Upon the *Certification of Counsel Regarding Agreed Order Establishing Litigation Schedule for Debtors' Ninth Omnibus (Substantive) Objection to Claims with Respect to Claim 513 Filed by GE Railcar Services, Inc.* (the "Certification"); and it appearing that the relief requested in the Certification is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1) The following schedule shall govern the Court's consideration of the *Debtors' Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 1072] (the "Objection") to proof of claim numbered 513 ("Claim 513"), as such claim is amended in accordance with the terms of this Scheduling Order.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Aventine Renewable Energy Holdings, Inc. (9368), Aventine Renewable Energy, LLC (0195), Aventine Renewable Energy, Inc. (8352), Aventine Renewable Energy – Aurora West, LLC (9285), Aventine Renewable Energy – Mt Vernon, LLC (8144), Aventine Power, LLC (9343), and Nebraska Energy, L.L.C. (1872). The Debtors corporate headquarters are 120 North Parkway, P.O. Box 1800, Pekin, Illinois 61555-1800

2) **Amendment of Claim 513.**

    a) On or before January 14, 2011, GE Railcar Services, Inc. ("GERS") shall file with the Court-approved claims agent in these chapter 11 cases and serve by e-mail and first class mail on the Debtors' counsel an amendment to Claim 513 (the "Amended Claim") that sets forth the actual amounts that GERS has incurred to date for the matters originally set forth in Claim 513, any estimates for amounts originally set forth in Claim 513 that GERS has yet to incur, and the basis for the Debtors' liability therefore.

    b) Notwithstanding that the Objection does not identify the Amended Claim, the Objection shall be deemed to be an objection to the Amended Claim and the bases for the Objection to Claim 513 shall apply equally to the Amended Claim.

3) **Fact Discovery.** All fact discovery, including, but not limited to non-expert depositions, shall be completed on or before April 13, 2011. The Court encourages the Parties to serve and respond to contention interrogatories early in the case. Unless otherwise stated herein or ordered by the Court, the limitations on discovery set forth in Del Bankr. L.R. 7026 (the "Local Rules") shall be strictly observed.

    a) The Parties have agreed to abide by the limits on the number of interrogatories provided for in the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by the Federal Rules of Bankruptcy Procedure.

    b) There will be no limit on the number of requests to admit or document requests that may be propounded by any Party.

    c) Unless otherwise agreed to by the parties, all discovery of electronic documents shall proceed as stated below:

        (i) Discovery of electronic materials shall proceed in a sequenced fashion. After receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2).

        (ii) If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall reach

YCST01:10492782.3                  068125.1001

agreement as to the method of searching and the words, terms, and phrases to be searched. To minimize the cost, the parties shall consider limiting the scope of the electronic search (e.g., the time frames, fields, document types, etc.).

    (iii)    Production of electronic documents shall be produced to the requesting party as image files (e.g., PDF or TIFF).

    (iv)    Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production.

    (v)    Generally, the costs of electronic discovery shall be borne by each party. However, the Court may apportion the costs upon a showing of good cause.

d) Subject to Paragraph 5 of this Scheduling Order, the parties must attempt, in good faith, to resolve all discovery disputes between the parties before bringing any motion before the Court, and any such motion must recite that good faith efforts to resolve the dispute were undertaken, but were unsuccessful.

e) All discovery responses shall be served within 30 days of receipt of the corresponding requests. Parties shall not be required to prepare or produce privilege logs.

4) **Expert Discovery.**

a) Notwithstanding Fed. R. Bankr. P. 9014(c), Fed. R. Civ. P. 26(a)(2) applies to this matter.

b) Disclosure of experts and reports under Fed R. Civ. P. 26(a)(2) and 26(b)(4), made applicable to this matter by Fed. R. Bankr. P. 7026, shall be served by 4:00 p.m. (ET) on or before May 13, 2011.

c) Disclosure of rebuttal experts and reports, if any, shall be served by 4:00 p.m. (ET) on or before June 20, 2011.

d) All expert witness discovery shall be completed by July 19, 2011.

5) **Discovery Disputes.** Local Rule 9013-1(b) notwithstanding, discovery motions shall not be filed unless the Court requests briefing. Should counsel find they are unable

to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a statement, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a statement, not to exceed three pages, outlining that party's reason for its opposition. Should the Court find itself unable to resolve the disputes in the telephone conference, the Court will order motion and briefing practice. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph. The Court will accept and encourages telephone calls during depositions in an attempt to resolve disputes arising in the course of the deposition without delay or the need for extensive briefing.

6) **Witnesses and Exhibits:** The parties shall exchange final witness lists of those witnesses (both fact and expert witnesses) that will be called in each party's respective case-in-chief and copies of exhibits and deposition designations (if any) that will be presented as part of each party's case-in-chief no later fourteen (14) days prior to the scheduled date of the hearing of this matter. If a witness is designated that was not previously deposed in connection with this action, the parties shall have the right to schedule the deposition of such witness prior to the hearing, including the issuance of a subpoena to compel the attendance of such witness at the deposition.

7) **Motions in Limine**. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. All *in limine* requests and responses thereto

shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of facts and argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

8) **Briefs:** The parties may or shall if the Court requests, file and serve pretrial briefs at least ~~fourteen (14)~~ twenty-one (21) days prior to scheduled hearing date. The Court will hold a pre-hearing conference on August 24, 2011, at 9:30 am

9) **Hearing:** Subject to the Court's availability, the hearing on this matter shall be conducted on or about ~~September 7~~ , 2011 at 9:30 am

10) **Extension of Deadlines:** Any deadline set forth in this Scheduling Order may be modified or extended by agreement of the parties without further order of the Court, provided, however, the Parties shall file with the Court a written notice of any such modification or extension.

Dated: December 30, 2010
Wilmington, Delaware

_____
The Honorable Kevin Gross
United States Bankruptcy Judge

YCST01:10492782.3                                                                                                                                    068125.1001